**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ARISOLKIS SANCHEZ SUAREZ,

     Petitioner,

v.

DORA CASTRO, Warden of the Otero County Processing Center; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Acting U.S. Attorney General; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; and MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security,

     Respondents.

Case No. 2:26-cv-01461-MIS-GBW

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS UNDER**
**28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Arisolkis Sanchez Suarez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed May 7, 2026. Petitioner is a citizen of Cuba who presented at the El Paso, Texas port of entry on December 20, 2024, for a CBP One appointment. Id. at 10.  Following the appointment, an immigration official granted Petitioner entry into the United States on two years' parole that expires December 19, 2026. Id.  In December 2025, Petitioner filed for adjustment of status under the Cuban Adjustment Act. Id.  She has authorization to work in the United States and a Social Security number. Id. at 11.  She has no criminal record. Id. at 12.

Nevertheless, on February 10, 2026, U.S. Immigration and Customs Enforcement ("ICE") Officers arrested Petitioner as she left the courthouse after an immigration appointment where, apparently, an Immigration Judge granted the Government's request for expedited removal and dismissed Petitioner's immigration proceedings. Id. at 10.  It appears that she has been in detention ever since, and she is currently detained at the Otero County Processing Center in Chaparral, New Mexico.  Id.

On May 7, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus, arguing that her detention violates her due process rights under the Fifth Amendment to the U.S. Constitution.  Id. at 12.

On May 8, 2026, the Court ordered Respondents to show cause why the Petition should not be granted.  ECF No. 4.  The Court instructed that Respondents must "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings."  Id.

On May 22, 2026, the Federal Respondents[1] filed a Response to the Petition.  ECF No. 6. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Id. at

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 3.  However, as has become customary in these cases, the Warden did not respond to the Petition.

2-3. However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b). Id. at 2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, her continued detention without a bond hearing violates her Fifth Amendment right to due process, and, as such, she is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders her immediate release. See generally Resp., ECF No. 6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Arisolkis Sanchez Suarez from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal— without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8

U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5.     The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_Margaret Strickland_
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

4